*Jacqueline M. James, Esq.*

THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

T: (914) 358 6423
F: (914) 358 6424
JJAMES@JACQUELINEJAMESLAW.COM
JACQUELINEJAMESLAW.COM

November 24, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2020
```

The Honorable John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*Re: 1:20-cv-06846-JPC- Plaintiff's Request to Adjourn the Initial Pretrial Conference Scheduled for December 2, 2020 at 10:00 AM*

Dear Judge Cronan,

    The James Law Firm, PLLC represents Plaintiff in the above captioned matter. This matter has been filed as a John Doe against the internet subscriber assigned IP address 74.73.184.145. Plaintiff respectfully requests an adjournment of the Initial Conference currently scheduled for December 2, 2020 at 10:00 a.m.

    On August 25, 2020, Plaintiff filed the instant case against John Doe subscriber assigned IP address 74.73.184.145 claiming Defendant's direct infringement of Plaintiff's works through BitTorrent protocol [CM/ECF 1].

    Although Plaintiff is aware of Defendant's identity, Plaintiff is sensitive to Defendant's privacy concerns and otherwise has an interest in allowing Defendant to remain anonymous in this action. Therefore, Plaintiff opted to file this lawsuit against Defendant pseudonymously within the caption of the case. Although the caption of the case does not contain Defendant's personal identifying information, the body of the Complaint contains such information and therefore a redacted version was filed on the public docket.

    On September 3, 2020, Plaintiff filed a Letter Motion for Leave to File Complaint, Proposed Summons and Return of Service Under Seal ("Motion for Leave to File Under Seal"). [CM/ECF 8]. On September 4, 2020, the Court granted Plaintiff's Motion for Leave to File Under Seal. [CM/ECF 9].

    Accordingly, on September 14, 2020, Plaintiff filed the Complaint and proposed summons under seal. [CM/ECF 10]. The Clerk of the Court issued the summons on October 28, 2020 and on November 9, 2020, Defendant was served via substitution on a family member. [CM/ECF 12]. Defendant's answer to Plaintiff's Complaint is due on or before November 30, 2020.

    Pursuant to the Court's October 8, 2020 Order, the Initial Pretrial Conference is currently scheduled for December 2, 2020 at 10:00 a.m. [CM/ECF 11]. Prior to the conference, the parties are required to confer and submit to the Court a proposed Case Management Plan and Scheduling Order and a joint letter. On November 17, 2020, Plaintiff's counsel received a call from a

1

November 24, 2020
Page 2

gentleman claiming to be Defendant's friend. This individual advised that Defendant does not speak English, but that Defendant would attempt to hire legal representation and that the attorney would contact Plaintiff's counsel. Since Plaintiff does not have Defendant's e-mail or phone number, communication between the parties is limited to US mail. As such, on November 24, 2020, Plaintiff mailed a draft joint letter, a proposed case management schedule and order, and a copy of this Court's Order dated October 8, 2020 to Defendant. *See* Exhibit A.

Plaintiff respectfully requests for an adjournment of the pretrial conference currently scheduled for December 2, 2020 at 10:00 a.m. so that Defendant has additional time to retain legal representation, and the parties have additional time to conduct a meaningful 26(f) conference and confer on deadlines.

For the foregoing reasons, Plaintiff respectfully requests a two-week adjournment of the pretrial conference currently scheduled for December 2, 2020 at 10:00 a.m. until after December 16, 2020.

Respectfully Submitted,

By: /s/*Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
jjames@jacquelinejameslaw.com
*Attorney for Plaintiff*

It is hereby ORDERED that the conference scheduled for December 2, 2020 is ADJOURNED to January 19, 2021 at 3:00 p.m., and that the parties shall submit the joint letter outlined the Court's October 8, 2020 Order (Dkt. 11) by January 12, 2021. It is further ORDERED that Plaintiff shall mail a copy of this Order to Defendant by November 30, 2020, and shall file proof of service by December 1, 2020.

SO ORDERED.

Date:   November 24, 2020
        New York, New York

JOHN P. CRONAN
United States District Judge

2

*JACQUELINE M. JAMES, ESQ.*

THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

T: (914) 358 6423
F: (914) 358 6424
JJAMES@JACQUELINEJAMESLAW.COM
JACQUELINEJAMESLAW.COM

November 24, 2020

**VIA US MAIL**



**Re: Strike 3 Holdings, LLC v. John Doe infringer identified as using IP address 74.73.184.145; Southern District of New York, Case No. 1:20-cv-06846-JPC; Joint Party Letter and Proposed Case Management Schedule and Order**

Dear ▮▮▮▮▮:

  The James Law Firm, PLLC represents Plaintiff, Strike 3 Holdings, LLC, in the above referenced matter. On October 8, 2020, the court entered an order reassigning this case to the Honorable Judge John P. Cronan and continuing a scheduled conference to December 2, 2020 at 10:00 am. The Court further ordered the parties to prepare and file a joint letter providing necessary information for the December 2nd conference as well as to file a Proposed Case Management Schedule and Order by November 26, 2020. On or around November 17, 2020, I received a call from a gentleman claiming to be your friend. This individual advised that you do not speak English but that you would attempt to gain legal representation and that your attorney would contact me soon.

  In light of the upcoming holiday and to provide you with additional time to retain counsel, Plaintiff intends on filing a motion to continue the December 2nd conference. However, until the Court rules on such a motion, the parties are required to prepare and file a joint letter and a Proposed Case Management Schedule and Order by November 26, 2020. As such, enclosed please find: (1) a draft of a joint letter; and (2) a Proposed Case Management Schedule and Order. Kindly provide your edits and input on these documents as soon as you are able. Additionally, for your convenience, I am also attaching the Court's recent order setting the Conference for December 2, 2020 at 10:00 am.

  If you have any questions or concerns, please feel free to contact me. Further, if you have already retained an attorney, please have them contact me as soon as possible. If you are still unrepresented and intend on proceeding in this matter *pro se*, please provide me with your e-mail and phone number so that I may communicate with you directly regarding this case.

Sincerely,

Jacqueline Marie James

ENCL.

*JACQUELINE M. JAMES, ESQ.*

| | |
|---|---|
| THE JAMES LAW FIRM | T: (914) 358 6423 |
| 445 HAMILTON AVENUE | F: (914) 358 6424 |
| SUITE 1102 | JJAMES@JACQUELINEJAMESLAW.COM |
| WHITE PLAINS, NY 10601 | JACQUELINEJAMESLAW.COM |

November 24, 2020

**VIA ECF**
The Honorable Judge John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> **Re: Strike 3 Holdings, LLC v. John Doe infringer identified as using IP address 74.73.184.145; Southern District of New York, Case No. 1:20-cv-06846-JPC; Draft Joint Letter**

Dear Judge Cronan:

The James Law Firm, PLLC represents Plaintiff, Strike 3 Holdings, LLC, in the above referenced matter. And, Defendant, John Doe infringer identified as using IP address 74.73.184.145 is unrepresented as of the date of this filing. On August 28, 2020, this Court entered an order instructing the parties to prepare and file a joint letter providing necessary information for the currently scheduled conference. Therefore, the parties respectfully submit the instant joint letter.

**(A) A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion**

**Plaintiff**: Plaintiff has sued Defendant for direct copyright infringement of thirty-six (36) copyrighted movies, pursuant to 17 U.S.C. §§ 106 & 501, based on Defendant's illegal downloading and distributing of Plaintiff's works through the BitTorrent Network. The ISP Spectrum was able to identify Defendant as the subscriber of IP address 74.73.184.145. Plaintiff position is that resolving the matter entails extensive discovery into Defendant's computers, and individuals who resided at Defendant's residence during the period of infringement. Notwithstanding, the foregoing, the parties might also be able to resolve this matter if Defendant can provide exculpatory evidence or evidence of financial hardship.

**Defendant**:

**(B) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of**

**business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. See, e.g.,** *Handelsman v. Bedford Vill. Assocs. L.P.*, **213 F.3d 48 (2d Cir. 2000).**

**Plaintiff**: Strike 3 is owned by General Media Systems, LLC ("GMS"). GMS a Delaware limited liability company located at 2140 S. Dupont Hwy, Camden, DE. Its principal place of business is 11271 Ventura Blvd # 717, Studio City, CA 91604-3136. Defendant is an individual residing in New York, NY. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions). This Court has personal jurisdiction over Defendant because Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District to commit copyright infringement. Therefore: (i) Defendant committed the tortious conduct alleged in its Complaint in this State; (ii) Defendant resides in this State and/or; (iii) Defendant has engaged in substantial – and not isolated – business activity in this State. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant resides or may be found in this District.

**Defendant**:

(C) **A statement of all existing deadlines, due dates, and/or cut-off dates;**

**Plaintiff**: The deadline to file a motion to adjourn the case management conference is November 24, 2020. The deadline to file a joint letter and proposed case management plan and scheduling order is November 26, 2020. And, a conference is currently scheduled for December 2, 2020 at 10:00 am.

**Defendant**:

(D) **A brief description of any outstanding motions;**

**Plaintiff**: The only outstanding motion is Plaintiff's Motion to Continue the December 2, 2020 conference.

**Defendant**:

(E) **A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;**

**Plaintiff**: Although no discovery has taken place in the instant lawsuit, in a previous court action, a Florida court order permitted Plaintiff to serve a subpoena on Defendant's Internet

Service Provider ("ISP"), Spectrum ("Spectrum"), to discover the identity of the subscriber assigned IP address 74.73.184.145, the IP address Defendant used to download and share Plaintiff's works.  Spectrum's subpoena response establishes that Defendant was the subscriber assigned IP address 74.73.184.145 on a date and time of infringement. Plaintiff's position that discovery of Defendant's electronic devices would be necessary to engage in meaningful settlement.

**Defendant**:


**(F) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

**Plaintiff**: To date, no settlement discussions have taken place.  However, Plaintiff is always open to attending a settlement conference.

**Defendant**:

**(G) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

**Plaintiff**: None.

**Defendant**:


Very Truly Yours,

Jacqueline Marie James
The James Law Firm
445 Hamilton Avenue, Suie 1102
White Plains, NY 10601
914 358 6423
Fax: 914 358 6424
Email: jjameslaw@optonline.net
*Attorneys for the Plaintiff*

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                                :

Strike 3 Holdings, LLC

                       Plaintiff(s),                                                          20 CV 06846 (JPC)

                   -v-

                                                               :                CIVIL CASE
                                                               :       MANAGEMENT PLAN

John Doe

                                                               :       AND SCHEDULING
                         Defendant(s).                :        ORDER

------------------------------------------------------------------------ X

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure.

1. All parties [**consent** ☐ /**do not consent** ☑ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions [**have** ☐ /**have not** ☑ ] taken place.

3. The parties [**have** ☐ /**have not** ☑ ] conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than  14 days  days from the date of this Order. [*Absent exceptional circumstances, fourteen (14) days*.]

6. Fact Discovery

   a. All fact discovery shall be completed no later than  April 1, 2021 . [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances*.]

   b. Initial requests for production of documents shall be served by  December 16, 2020 .

   c. Interrogatories shall be served by  December 16, 2020 .

      d.      Depositions shall be completed by  March 2, 2021  .

          (i)      Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

          (ii)     There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

          (iii)    Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

      e.      Requests to admit shall be served by  March 2, 2021  .

      f.      Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7.     Expert Discovery

      a.      All expert discovery, including expert depositions, shall be completed no later than  May 16, 2021  . [*Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (i.e., the completion of all fact discovery).*]

      b.      Plaintiff's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before  April 1, 2021  .

      c.      Defendant's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before  April 1, 2021  .

      d.      The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8.     All motions and applications shall be governed by the Court's Individual Practices for Civil Cases.

9.     Any discovery disputes shall be addressed according to 5.C of the Court's Individual Rules and Practices for Civil Cases.

10.    All discovery must be completed by  May 16, 2021  .

11.    All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery.

12.    Unless otherwise ordered by the Court, a party seeking to file a post-discovery motion shall file a pre-motion letter within fourteen (14) days of the close of all discovery. Pursuant to 6.A of the Court's Individual Rules and Practices for Civil Cases, responses to pre-motion letters are to be submitted within three business days from submission of the initial pre-motion letter.

13. Within thirty (30) days after the close of discovery or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit a Joint Pretrial Order prepared in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and 7.B of the Court's Individual Rules and Practices in Civil Cases. The parties shall follow the Court's Individuals Rules and Practices in Civil Cases for any submissions that must be made at the time of the Joint Pretrial Order, including any motions *in limine*.

14. In accordance with 7.C of the Court's Individual Rules and Practices in Civil Cases, counsel are required to meet and confer on a joint submission of proposed *voir dire* questions, jury instructions, and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Rule 51(a)(2)(A) of the Federal Rules of Civil Procedure. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on the Joint Pretrial Order due date in accordance with 7.D of the Court's Individual Rules and Practices in Civil Cases.

15. The parties shall be ready for trial on May 30, 2021. [*Absent exceptional circumstances, a date within two weeks following the Final Pretrial Order due date*.]

16. This case [**is** ✓ /**is not** ☐ ] to be tried to a jury.

17. Counsel for the parties have conferred and their present best estimate of the length of trial is 4 days.

18. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure, are set forth below.

    _____
    _____
    _____
    _____

    The next Case Management Conference is scheduled for December 2, 2020 at 10:00 am.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
JOHN P. CRONAN
United States District Judge

Dated: _____
       New York, New York

3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/08/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
Strike 3 Holdings, LLC,                                           :
:
                    Plaintiff,                    :
:        20-CV-6846 (JPC)
     -v-                                                         :
:        NOTICE OF
John Doe,                                                         :        REASSIGNMENT
:
                    Defendant.                    :
:
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      This case has been reassigned to the undersigned. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment. The conference scheduled for December 1, 2020 at 4:00 p.m. is hereby adjourned to December 2, 2020 at 10:00 a.m. In light of the ongoing COVID-19 pandemic, the Court will conduct the conference by teleconference. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261. Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://www.nysd.uscourts.gov/hon-john-p-cronan.**

      No later than November 26, 2020, the parties are required to file on ECF a joint letter as provided in the Order issued by the Honorable Katherine Polk Failla, United States District Judge, and dated August 28, 2020. By that date, the parties shall also submit to the Court a proposed case management plan and scheduling order, a template of which is available at https://www.nysd.uscourts.gov/hon-john-p-cronan. In accordance with the Court's Individual Rules and Practices, requests for extensions or adjournment may be made only by letter-motion

filed on ECF and must be received at least 48 hours before the deadline or scheduled appearance, absent compelling circumstances. The written submission must state (1) the original date(s) set for the appearance or deadline(s) and the new date(s) requested; (2) the reason(s) for the request; (3) the number of previous requests for adjournment or extension; (4) whether these previous requests were granted or denied; and (5) whether opposing counsel consents, and, if not, the reasons given by opposing counsel for refusing to consent.

        SO ORDERED.

Dated: October 8, 2020
       New York, New York

                                            JOHN P. CRONAN
                                        United States District Judge